```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

------------------------------------x
                                    :
CHAD E. COHEN and KIRSTEN COHEN,    :
                                    :
            Plaintiffs,             :
                                    :
v.                                  :   Civil No. 3:14CV800 (AWT)
                                    :
POSTAL HOLDINGS, LLC,               :
                                    :
            Defendant.              :
                                    :
------------------------------------:
                                    :
POSTAL HOLDINGS, LLC,               :
                                    :
        Third-Party Plaintiff,      :
v.                                  :
                                    :
UNITED STATES POSTAL SERVICE,       :
                                    :
        Third-Party Defendant.      :
                                    :
------------------------------------x
```

## RULING ON MOTION TO DISMISS

Third-party plaintiff Postal Holdings LLC ("Postal Holdings") filed a two-count Third Party Complaint in the Connecticut Superior Court against third-party defendant United States Postal Service (the "USPS") for common law indemnification and for contractual indemnification. The USPS removed the action to this court pursuant to 28 U.S.C. § 1442(a)(1). The USPS has moved pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the Third Party Complaint. For the reasons set forth below, the motion is being granted.

1

**I.   Factual Allegations**

"The [third-party] complaint, which [the court] must accept as true for purposes of testing its sufficiency, alleges the following circumstances."  Monsky v. Moraghan, 127 F.3d 243, 244 (2d Cir. 1997).

Plaintiffs Chad E. Cohen and Kirsten Cohen allege that Postal Holdings is the fee simple owner of a property located at 26 and 28 Catoonah Street, Ridgefield, Connecticut.  The plaintiffs allege that a private nuisance was created at 28 Catoonah Street.  The plaintiffs allege that their injuries were caused by the conduct of Postal Holdings because Postal Holdings failed to act and to abate the alleged private nuisance.

In the Third-Party Complaint, Postal Holdings alleges that the property located at 26 and 28 Catoonah Street, Ridgefield, Connecticut was leased by the USPS.  Postal Holdings further alleges that the USPS, as lessee, had exclusive control over the property located at 28 Catoonah Street.  Postal Holdings, without conceding that a private nuisance exists at 28 Catoonah Street, alleges that it was negligence on the part of the USPS that was the direct and immediate cause of any damages allegedly sustained by the plaintiffs.  Postal Holdings, therefore, brings a claim for common law indemnification against the USPS.

Postal Holdings further alleges that according to the terms of the lease, the USPS has a duty to indemnify Postal Holdings

"from and against the private nuisance action brought by [the] plaintiffs . . . in that their alleged damages were caused due to a breach of the lease."  (Third-Party Compl., Doc. No. 1-1, ¶ 14.)

## II. Legal Standard

A claim is properly dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. See Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996).  On a Rule 12(b)(1) motion to dismiss, the party asserting subject matter jurisdiction "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence."  Aurechione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005).  When reviewing a motion to dismiss for lack of subject matter jurisdiction, the court may consider evidence outside the pleadings.  See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

## III. Discussion

Section 1346(a)(2) of Title 28 of the United States Code states that "the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States . . . in cases not sounding in tort which are subject to sections 7104(b)(1) and 7107(a)(1) of title 41."  28 U.S.C. § 1346(a)(2).

3

Instead, the Contract Disputes Act, 42 U.S.C. § 7101 et seq. ("CDA"), provides "the sole means for resolving contract disputes against the federal government."  M.E.S., Inc. v. Snell, 712 F.3d 666, 672 (2d Cir. 2013).  The CDA "applies to any express or implied contract . . . made by an executive agency for . . . the procurement of property, other than real property in being[.]"  41 U.S.C. § 7102(a)(1).  The CDA also applies to leases of real property.  See 1-10 Industry Associates, Inc. v. U.S. Postal Service, 133 F. Supp. 2d 194, 195 (E.D.N.Y. 2001) (holding that the CDA applies to leases of real property and citing cases).

"The CDA waives sovereign immunity for contract disputes with the government and gives the Court of Federal Claims exclusive jurisdiction over such actions."  Up State Federal Credit Union v. Walker, 198 F.3d 372, 374 (2d Cir. 1999).  The CDA "provides for persons aggrieved in connection with such contracts to submit '[e]ach claim . . . against the Federal Government' to a contracting officer . . . who 'shall issue a decision in writing.'"  Snell, 712 F.3d at 672 (quoting 41 U.S.C. §§ 7103(a)(1)-(2), (d)) (brackets in original).  "A 'contracting officer's decision on a claim is final and conclusive and is not subject to review by any forum, tribunal, or Federal Government agency,' except as authorized by the CDA itself."  Id. at 672-73 (quoting § 7103(g)).  Finally, "[t]he CDA provides that within

90 days of receipt of a contracting officer's decision, an aggrieved contractor may . . . 'bring an action directly on the claim in the United States Court of Federal Claims[.]'" Id. at 673 (quoting §§ 7104(a)-(b)(1)).

Here, the court lacks original subject-matter jurisdiction because the claims against the USPS fall within the purview of the CDA, and therefore, the Federal Court of Claims is the proper forum for the claims, after administrative remedies have been exhausted.

The court also lacks subject-matter jurisdiction under the derivative jurisdiction doctrine because the Connecticut Superior Court lacks subject-matter jurisdiction.  "The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction.  If the state court lacks jurisdiction of the subject-matter . . ., the federal court acquires none . . . ."  Gionfriddo v. Salaf, 343 F. Supp. 2d 109, 111 (D. Conn. 2004) (quoting Lambert Run Coal Co. v. Baltimore & Ohio R. R., Co., 258 U.S. 377, 382 (1922)).[1]

---

[1] Postal Holdings urges the court to follow the Eighth Circuit's holding in North Dakota v. Fredericks, 940 F.2d 333 (8th Cir. 1991) to conclude that a 1985 amendment to 28 U.S.C. § 1441 abolished the derivative jurisdiction doctrine.  However, in Barnaby v. Quintos, 410 F. Supp. 2d 142 (S.D.N.Y. 2012), the court observed that in amending § 1441 in 2002, "Congress left no doubt that Section 1441(f) applies only to removals under Section 1441 and not to removals under any other section of the United States Code. Accordingly, in the absence of a corresponding amendment to other removal provisions, such as 28 U.S.C. § 1442, every district court decision in this circuit to address the issue has found that derivative jurisdiction continues to be the rule . . . ."  410 F. Supp. 2d at 144-45.  The USPS removed this

5

Postal Holdings contends that its claims sound in tort and such claims fall under the Federal Tort Claims Act, which gives original subject-matter jurisdiction to federal district courts. In determining "whether the claims in a case are contractual, the [c]ourt is to examine 'the source of the rights upon which the plaintiff bases its claims, and . . . the type of relief sought[.]'" Champagne v. United States, 15 F. Supp. 3d 210, 221 (N.D.N.Y. 2014) (quoting Megapulse, Inc. v. Lewis, 672 F.2d 959, 968 (D.C. Cir. 1982)).  "If the right that the plaintiff seeks to vindicate stems from no independent, non-contractual source, and the remedy for violating that right is a contractual remedy, then the claim arises out of a contract and is subject to the CDA." Id. (internal quotation marks omitted).

Here, Postal Holdings alleges that its right to indemnification in Counts One and Two arise from its lease with the USPS. For Court One, Postal Holdings alleges the following:

> 8. Pursuant to the aforementioned lease, USPS, as lessee, had exclusive control over the property located at 28 Catoonah Street, which is where the plaintiffs allege a dangerous and defective condition occurred.
>
> 9. Although the third party plaintiff, Postal Holdings, does not concede a private nuisance, if anyone was negligent, it was USPS for failing to prevent and/or abate an alleged nuisance at 28 Catoonah Street.

---

action pursuant to 28 U.S.C. § 1442(a)(1).  Therefore, the derivative jurisdiction doctrine applies here.

(Third Party Compl., Doc. No. 1, ¶¶ 8-9.)  For Count Two, Postal Holdings alleges the following:

> 12. Pursuant to Section 8 of the lease between Postal Holdings and the USPS, the USPS
>
>> agrees to save harmless and indemnify the Lessor from all claims, loss, damage, actions, causes of action, expense and liability resulting from the use of the demised property by the [USPS] whenever such claims, loss, damage, actions, causes of action, expense and liability arise from the negligent or wrongful act or omission by an employee while acting within the scope of his employment, under circumstances where the [USPS], if a private person, would be liable in accordance with the law of the place where the negligent or wrongful act or omission occurred.
>
> 13. Pursuant to Section 9 of the lease between the third party plaintiff, Postal Holdings, and the third party defendant, USPS, USPS "shall construct and maintain all buildings, structures and improvements on the demised premises."
>
> 14. Thus, pursuant to the lease, the third party defendant, USPS, has a duty to indemnify the third party plaintiff, Postal Holdings, from and against the private nuisance action brought by plaintiffs . . . .

(Third Party Compl., Doc. No. 1, ¶¶ 12-14 (brackets in original).)  In addition, as a remedy, Postal Holdings requests "[a]n order that, pursuant to the terms of the lease, the third party defendant, USPS, is required to indemnify Postal Holdings for any award of damages[.]"  (Id., ¶ 1 of Relief.)  Therefore, based on the Third Party Complaint allegations, Counts One and Two are subject to the CDA.

## IV. Conclusion

Accordingly, the Motion to Dismiss by Third-Party Defendant, United States Postal Service (Doc. No. 17) is hereby GRANTED. The Third Party Complaint is dismissed, and third-party defendant United States Postal Service is terminated as a party in this case.

It is so ordered.

Signed this 15th day of January 2015, at Hartford, Connecticut.

                                                /s/
                                  Alvin W. Thompson
                        United States District Judge